## WALLACE *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 118. Petition for rehearing and motion to remand for further finding.—Decided April 10, 1922.

The Senate, in confirming nominations to office, exercises, not a judicial, but an executive function; and, if it confirms a nomination to a place in the Army existing only through the President's removal of another officer, the legal effect is to sustain the removal no less where the nomination is taken as assurance that a vacancy exists than where the Senate investigates the facts. P. 298.

Petition for rehearing and motion to remand denied.

On a petition for rehearing and for a remand of the case to the Court of Claims for a further finding of fact. See s. c. 257 U. S. 541.

*Mr. Frank S. Bright* and *Mr. H. Stanley Hinrichs,* for appellant, submitted the petition and motion.

Mr. Chief Justice Taft delivered the opinion of the court.

Counsel for the appellant object to the presumption we indulge in our opinion in this case that the Senate must have known of the dismissal of Wallace when it confirmed the nomination of Lieutenant Colonel Robert Smith, whose appointment and confirmation filled the place considered vacant by Wallace's dismissal. They insist that the absence of knowledge by the Senate of Wallace's removal was conceded by the Government in both the Court of Claims and here. What the Government brief in this court said was that it did not appear that the Senate was advised. But appellant's counsel produce evidence from the record in the Court of Claims upon which they ask that the case be remanded to the Court of Claims to make a finding on this point. Let us concede for the sake of the argument, without deciding, that it is properly a matter of evidence *de hors* the record, and of a finding thereon. The chief item of evidence on which the motion is based is a statement in the record below that

" On or before February 21, 1918, it was the practice of the Adjutant General's office to nominate an officer *vice* the particular officer whose promotion or separation from the service caused the vacancy; and that, after February 21, 1918, the practice of indicating the specific vacancy was discontinued on the recommendation of the Executive Clerk of the Senate."

The contention of the defendant on this showing is that the Senate adopted the practice of confirming appointments to vacancies made by the President without investigation into the cause of the vacancies because of the exigencies of war and the great number of appointments. We do not see that if such facts were found, it would alter

our necessary conclusion. The Senate in confirming nominations is not exercising a judicial but an executive function. It does not have to give a hearing or make an investigation before lawful action, and if it chooses to accept the President's nomination as assurance that there is a vacancy to which the appointment proposed can be made, and acts on that assurance, the legal effect of the confirmation is not affected.

Petition for rehearing and the motion to remand are denied.